IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STELLA M. OJEDA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3067 |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF SCOTTSBLUFF, a political subdivision of the State of Nebraska, ALEX MORENO, PHIL ECKERBERG, SHAWN MCFARLAND, PHIL MARTINDALE, and KEVIN SPENCER, in their individual and official capacities, | ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

The defendants have filed a motion to strike the plaintiff's request for a jury trial as to her claims for equitable relief against all the defendants, and her claims for legal relief against the City of Scottsbluff and defendants Alex Moreno, Phil Eckerberg, Shawn McFarland, Phil Martindale, and Kevin Spencer in their official capacities.  Filing No. 37.

The plaintiff's amended complaint seeks recovery under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1983 and 1985, and Neb. Rev. Stat. §§ 20-148, 48-1114.  Filing No. 25; Filing No. 34.  The plaintiff alleges she is a female Hispanic American who, while employed as an officer for the Scottsbluff Police Department, was subjected to employment discrimination on the basis of race, a hostile work environment, retaliation for exercising her right to free speech and for formally complaining of race discrimination, and violations of rights secured under the Equal Protection Clause and Due Process Clause.  She claims the individually named defendants, while acting in the course and scope of their employment for the Scottsbluff Police Department,

each played a role in carrying out the unlawful and discriminatory conduct alleged in her amended complaint. She seeks a judgment declaring that her rights have been violated; an order enjoining the defendants from further discriminatory practices, removing all disciplinary charges and actions from her personnel file, and reinstating her as an officer for the Scottsbluff Police Department; and a monetary award of compensatory and punitive damages, attorney fees, and expert fees.

The defendants argue that the plaintiff has no Seventh Amendment right to a jury trial on her claims for equitable relief, or on her claims against the City of Scottsbluff and the defendant officers in their official capacities.

   1.   Claims for Equitable Relief.

"There is no right to a jury trial on plaintiff's claims for equitable relief. . . .  Therefore, to the extent the plaintiff's complaint demands a jury determination on her equity claims against any of the defendants, her jury demand must be stricken." Rohren v. Centennial Public School Dist. 67-R, 2007 WL 4118943, 1 (D. Neb. 2007)(Piester, M.J., presiding)(citing Curtis v. Loether, 415 U.S. 189, 198 (1974); Buss v. Douglas, 59 F.R.D. 334, 334-35 (D. Neb. 1973)(Urbom, J., presiding)).

   2.   Claims for Legal Relief.

The plaintiff seeks an award of compensatory and punitive damages. The defendants claim the plaintiff is not entitled to a jury trial on her damage claims against the City of Scottsbluff

2

or its defendant officers in their official and/or professional capacities.

"A suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (quoting Monell v. Dep't of Social Services, 436 U .S. 658, 690 n. 55 (1978)).  Therefore, the claims against defendants Alex Moreno, Phil Eckerberg, Shawn McFarland, Phil Martindale, and Kevin Spencer in their official capacities are claims against the City of Scottsbluff itself.

The plaintiff has no right to a jury trial on her claims against the City and its officers acting in their official capacities "because at common law no action for damages ... lay against public officials acting in their official capacities as agents of the sovereign." Buss, 59 F.R.D. at 336.  "[S]ince there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial." Gragg v. City of Omaha, 812 F.Supp. 991, 992-93 (D.Neb.1993)(Kopf, J., presiding)(citing Galloway v. United States, 319 U.S. 372, 388-89 (1943)).

"Although Nebraska has, by statute, waived its sovereign immunity with respect to suits against its political subdivisions, (see Nebraska Political Subdivision Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-926), this waiver is limited and does not permit such actions to be tried before a jury." Rohren, 2007 WL 4118943, at *1.  Pursuant to the explicit language of Neb. Rev. Stat. § 13-907, claims filed against political subdivisions must be "heard and determined by the appropriate court *without* a jury."  Neb. Rev. Stat. § 13-907

3

(emphasis added). Rohren, 2007 WL 4118943, at *1 (citing Frosh ex rel. Rohrbouck v. North Platte Public Schools, 2006 WL 3388642, *1 (D. Neb. 2006) (no right to jury trial on plaintiff's IDEA claim against a Nebraska school district)(Thalken, M.J., presiding); Harders v. Grand Island Public Schools, 2006 WL 2528524, *1 (D. Neb. 2006) (no right to jury trial on plaintiff's FMLA claim against a Nebraska school district)(Piester, M.J., presiding)).

The plaintiff argues, however, that even if she is not entitled to a jury trial on her equity claims and her legal claims against the City of Scottsbluff and its officers in their official capacities, she is entitled to a jury trial on her § 1983 claims against the officers in their individual capacities. She therefore asks the court to use the jury empanelled on these § 1983 claims as an advisory jury on the claims tried to the court.

The plaintiff's request for an advisory jury may ultimately have merit, but this case has not progressed beyond the early stages. The issues that will ultimately remain in dispute and in need of a trial determination are currently unknown. Once those have crystalized, the court may consider using an advisory jury upon the request of either party. At this time, such a determination would be premature.

IT THEREFORE HEREBY IS ORDERED:

1) The defendants' motion to strike the plaintiff's request for a jury trial, filing no. 37, is granted.

2) The plaintiff's demand for a jury trial on her claims seeking equitable relief against all the defendants, and her claims seeking legal relief against the City of Scottsbluff and defendants Alex Moreno, Phil Eckerberg,

4

>Shawn McFarland, Phil Martindale, and Kevin Spencer in their official capacities is stricken.

DATED this 25th day of November, 2008.

>BY THE COURT:
>
>S/ *David L. Piester*
>David L. Piester
>United States Magistrate Judge

5