IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STELLA M. OJEDA,<br><br>        Plaintiff,<br><br>V.<br><br>SCOTTSBLUFF, CITY OF, a political subdivision of the State of Nebraska, ALEX MORENO, Chief, sued in their individual and professional capacities, PHIL ECKERBERG, Sgt., sued in their individual and professional capacities, SHAWN MCFARLAND, Sgt., sued in their individual and professional capacities, PHIL MARTINDALE, Sgt., sued in their individual and official capacities, and KEVIN SPENCER, Capt., sued in their individual and official capacities,<br><br>        Defendants. | 4:08CV3067<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on Defendants' motion for summary judgment based on qualified immunity (filing 46). The question presented is whether Defendants Alex Moreno, Phil Eckerberg, Shawn McFarland, Phil Martindale and Kevin Spencer are entitled to qualified immunity with respect to Plaintiff's § 1983 First Amendment claim and § 1983 Fourteenth Amendment equal protection claim. For the reasons set forth below, the court concludes that Defendants' motion should be granted.

**I.     Background**

Plaintiff, Stella Ojeda, asserts this employment action against the City of Scottsbluff, a political subdivision of the State of Nebraska (filing 25). Plaintiff also names as Defendants, in their individual and professional capacities, Police Chief Alex Moreno, Sergeant Phil Eckerberg, Sergeant Shawn McFarland, retired Sergeant Phil Martindale and Captain Kevin Spencer, all with, or formally with, the Scottsbluff Police Department. (*Id.*) In her first amended complaint, Plaintiff asserts four causes of action,[1] seeking relief under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Title VII of the Civil Rights Act of 1964, as amended.[2] (*Id.*) Plaintiff's § 1983 claim is only asserted against the individually-named defendants (filing 40). Plaintiff's § 1985 claim appears to be asserted against all Defendants. (*Id.*) Plaintiff is not asserting her Title VII claims against the individually-named defendants, only against the City of Scottsbluff. (Id.)

Plaintiff's § 1983 claim is based on allegations that they discriminated against her based on gender and race in violation of the Equal Protection Clause of the Fourteenth Amendment (Id.) She also maintains that she was terminated from

---

[1] Plaintiff has stricken her fifth, sixth and seventh causes of action in her first amended complaint. (Filing 34.) Therefore, the only claims remaining are those under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Title VII of the Civil Rights Act of 1964, as amended.

[2] In her brief in opposition to Defendants' motion for summary judgment, Plaintiff states that she is discontinuing her § 1985 conspiracy claim and § 1983 due process claim asserted against the individually-named defendants. (Filing 56.) In her brief, Plaintiff only challenges Defendants' motion for summary judgment as to Plaintiff's § 1983 First Amendment claim and § 1983 Fourteenth Amendment equal protection claim. As such, the court will not address the issue of whether the individually-named defendants are entitled to qualified immunity on the discontinued claims and will dismiss these claims in accordance with Plaintiff's request.

employment with the Scottsbluff Police Department in retaliation of her exercising her right to free speech as guaranteed by the First Amendment.

Plaintiff, a Hispanic female, was hired as a patrol officer with the Scottsbluff Police Department, subject to a six month probation, on January 23, 2006 (filing 25). Plaintiff's employment was terminated on March 29, 2007. (*Id.*) In her fifty-one page first amended complaint, Plaintiff makes a series of factual allegations which, for purposes of brevity, will not be fully-recited here. (*Id.*) In summary, however, Plaintiff maintains that throughout her employment with the Scottsbluff Police Department, she was treated differently from male, Caucasian police officers in violation of the Equal Protection Clause of the Fourteenth Amendment. (*Id.*) Plaintiff alleges a number of incidents in which she was disciplined for violating Department policies and maintains that other white, male police officers were not disciplined for committing infractions. (*Id.*) It is not completely clear from her first amended complaint, however, Plaintiff only appears to specifically compare herself to the individually-named defendants and Sergeant Bruce Ferguson, Officer Lee Pinet, Sergeant Robert Straub and Captain Brian Wasson, all with the Scottsbluff Police Department.

Plaintiff also alleges several incidents in supposed support of her First Amendment free speech claim. Plaintiff maintains that her termination was retaliatory in nature because (1) she made complaints to her supervisors that minorities, specifically, women and Hispanics, were being discriminated against by white, male officers within the police department; (2) a newspaper published a story about her displaying patriotism and support to World War II Veterans during a Veterans Day parade; and (3) she was quoted in a newspaper as stating that a significant problem facing Scottsbluff County is that "[m]inorities have a hard time getting ahead in life because there are no great opportunities out there to help them or their families." (*Id.* at CM/ECF p. 11.)

3

Defendants maintain that Plaintiff's termination was purely for performance-related issues.  (Filing 48, Br. Supp. Defs' Mot. Summ. J. at CM/ECF pp. 33, 34; Filing 47, Ex. 3.)  As grounds for her termination, Defendants point to several policy and procedure infractions committed by Plaintiff.  Defendants particularly emphasize the fact that Plaintiff was the subject of two citizen complaints during her employment, one of which was found to be substantiated after an internal investigation.  As admitted by Plaintiff, the substantiated citizen complaint was used by Defendants as the primary basis for her termination.  (filing 25).  Defendants further cite other policy and procedure violations committed by Plaintiff during her employment, including a situation in which she was issued a written reprimand after she conducted a "bar check" unassisted and a situation in which she was involved in an accident with her patrol car.  (Filing 47, Ex. 3.)  Defendants also claim that Plaintiff was reprimanded for failure to adhere to the Department's chain of command.  (*Id.*)  In short, Defendants deny that Plaintiff's termination was in any way related to her sex, race or speech.

## II.  Analysis

### A.  Plaintiff's Request for a Continuance Pursuant to Federal Rule of Civil Procedure 56(f)

As an initial matter, the court notes that in her brief in opposition to Defendants' motion for summary judgment, Plaintiff states that she wishes to avail herself of the shelter provided by Fed. R. Civ. P. 56(f).  (Filing 56, Br. Opp'n Defs' Mot. Summ. J. at CM/ECF p. 52.)  Plaintiff has not, however, filed a motion requesting such relief.  In any event, to the extent that Plaintiff's statement in her brief can be construed as such a motion, it is denied.

Rule 56(f) generally provides that if a party opposing a motion for summary judgment shows by affidavit that it cannot present facts essential to justify its

opposition, the court may order a continuance to enable further discovery to be performed. Fed. R. Civ. P. 56(f). In order to request discovery under Rule 56(f), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected a raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful. *Avila v. CHN America LLC*, No. 4:04cv3384, 2009 WL 151600 (D. Neb. Jan. 2, 2009).

To date, Plaintiff has failed to submit an affidavit specifically addressing why her request for a Rule 56(f) continuance should be granted. Even assuming that Plaintiff's affidavit in opposition to Defendants' motion for summary judgment qualifies as an affidavit pursuant to Rule 56(f), this affidavit fails to meet the requirements of that rule. Plaintiff's affidavit does not explain what specific facts are sought through discovery, nor does it inform the court of how these facts will allow her to rebut Defendants' showing of the absence of a genuine issue of material fact. (Filing 57.) Additionally, Plaintiff does not describe the efforts she has made to obtain these facts or described why her efforts have been unsuccessful. (*Id.*)

Moreover, as previously mentioned, Plaintiff has not filed a formal Rule 56(f) motion. Plaintiff's failure to file a proper Rule 56(f) motion weighs heavily against the court granting a continuance at this time. *See Nolan v. Thompson*, 521 F.3d 983, 986 (8th Cir. 2008) ("In the absence of a Rule 56(f) motion for a continuance accompanied by an affidavit showing what specific facts further discovery might uncover, a district court generally does not abuse its discretion in granting summary judgment on the basis of the record before it."); *Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) (finding that the district court did not abuse its discretion in granting summary judgment without allowing further discovery when the plaintiff never filed a proper Rule 56(f) motion).

Furthermore, the filings in this action clearly demonstrate that Plaintiff has had more than an adequate opportunity to conduct discovery for purposes of opposing Defendants' current summary judgment motion. Defendants raised an immunity defense in their answer filed on September 30, 2008 ([filing 39](#)). This defense was also noted by Defendants in the parties' Rule 26(f) planning conference report filed on October 16, 2008 ([filing 40](#)). A case progression order was entered and discovery was authorized to commence on October 23, 2008 ([filing 41](#)). The deadline for all motions to dismiss or for summary judgment based on qualified immunity was set for January 2, 2009. (*[Id.](#)*) On January 2, 2009, Defendants filed the instant motion for summary judgment ([filing 46](#)). On January 5, 2009, Defendants filed a motion to stay discovery until after the court ruled on Defendants' pending motion for summary judgment ([filing 49](#)). Plaintiff did not oppose Defendants' motion to stay and the court granted the motion ([filing 51](#)). The court did not stay discovery until nine months after the filing of the complaint, and over three months after Plaintiff had notice of Defendants' qualified immunity defense.

One purpose of qualified immunity "is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government'" *[Anderson v. Creighton](#)*, 483 U.S. 635, 346-47, n.6 (1987) (*quoting [Harlow v. Fitzgerald](#)*, 457 U.S. 800, 817 (1982). Plaintiff failed to diligently conduct discovery in order to oppose Defendants' summary judgment motion based on qualified immunity. Additionally, Plaintiff has failed to show through affidavit why the court should grant her a continuance pursuant to Rule 56(f). Therefore, Plaintiff's request for a continuance will be denied.

**B.     Summary Judgment Standard**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

6

Fed. R. Civ. P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (*quoting Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially, the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**C.     Qualified Immunity**

Qualified immunity protects government officials from damage liability unless their discretionary acts violated clearly established statutory or constitutional rights. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The defendant is entitled to qualified immunity unless the plaintiff has alleged the violation of a constitutional right that was clearly established at the time of the alleged violation. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir.1996). A right is "clearly established" when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Whisman Through Whisman v. Rinehart,* 119 F.3d 1303, 1309 (8th Cir.1997).

7

A motion for summary judgment on qualified immunity grounds is only precluded when the plaintiff has "(1) assert[ed] a violation of a constitutional right; (2) demonstrate[d] that the alleged right is clearly established; and (3) raise[d] a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated [the] plaintiff's clearly established right." *Goff v. Bise,* 173 F.3d 1068, 1072 (8th Cir.1999) (*quoting Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996), *cert. denied,* 519 U.S. 1011, 117 S.Ct. 518, 136 L.Ed.2d 407 (1996)). The nonmoving party is given the benefit of all relevant inferences at the summary judgment stage, and if a "genuine dispute exists concerning predicate facts material to the qualified immunity issue, the defendant is not entitled to summary judgment on that ground." *Pace v. City of Des Moines,* 201 F.3d 1050, 1056 (8th Cir. 2000). However, in considering a defense of qualified immunity raised by a motion for summary judgment, the court is not obligated to assume that the facts alleged by the plaintiff in the complaint are true. See *Dunlap v. Hilgenkamp*, 82 F.Supp.2d 1052, 1056 (D. Neb. 2000). Rather, a plaintiff "bears the burden of going beyond the allegations in [her] pleadings and coming forward with evidence establishing a genuine dispute regarding" the defendant's actions. *Howard v. Suskie*, 26 F.3d 84, 87 (8th Cir. 1994).

The "initial inquiry" in a case involving the defense of qualified immunity "is whether the facts as alleged show that the [official's] conduct violated a constitutional right." *Scott v. Harris,* 127 S.Ct. 1769, 1774 (2007). If the facts do not show a violation, the court need not proceed further with the qualified immunity analysis. Accordingly, in reviewing this motion, I will first examine whether the facts as alleged by Plaintiff reasonably show that the individually-named defendants have violated Plaintiff's constitutional rights.

### 1. § 1983 First Amendment Claim

In order to succeed on a First Amendment retaliation claim, a public employee must show that "(1) he engaged in protected speech, that is, speech on a matter of public concern; (2) his interest as a citizen in commenting on the issue outweighs the public employer's interest in promoting efficient public service; and (3) his speech was a motivating factor in the action taken against him." *Bailey v. Dept. of Elementary and Secondary Educ.,* 451 F.3d 514, 518 (8th Cir. 2006).

Plaintiff claims that Defendants retaliated against her due to several instances in which she exercised her right to free speech. Plaintiff alleges that she was retaliated against because (1) she made complaints to her supervisors that minorities, specifically, women and Hispanics, were being discriminated against by white, male officers within the police department; (2) a newspaper published a story about her displaying patriotism and support to World War II Veterans during a Veterans Day parade; and (3) she was quoted in a newspaper as stating that a significant issue facing Scottsbluff County is that "[m]inorities have a hard time getting ahead in life because there are no great opportunities out there to help them or their families." Plaintiff contends that her speech on these matters was protected activity (filing 25).

In support of their motion, Defendants argue that the individually-named defendants are entitled to qualified immunity because Plaintiff cannot show that her alleged speech was a motivating factor in her termination. (Filing 48, Br. Supp. Defs' Mot. Summ. J. at CM/ECF p. 34.) Defendants claim that Plaintiff was terminated not because of her speech, but because of adverse employment actions and that Plaintiff would have been terminated regardless of her speech. In particular, Defendants argue that Plaintiff's termination was justified because she was the subject of two citizen complaints during her employment and was also issued several written and verbal reprimands for violations of Department policy. (Filing 47, Ex. 3.)

I agree with Defendants' position that Plaintiff cannot show that her alleged speech was a motivating factor in her termination. Other than her own unsubstantiated affidavit, Plaintiff presents no evidence showing or even indicating that there is a causal link between her termination and her speech. Plaintiff admits that she was disciplined as claimed by Defendants, but maintains that she was only disciplined on account of her speech. However, other than her own conclusory statements, she does not provide the court with any evidence showing that there is a nexus between her speech and her termination. Plaintiff attests that other people witnessed Plaintiff being harassed and discriminated against on account of her speech. However, she offers no affidavits from these individuals. (Filing 57 at CM/ECF pp. 18, 19, 24.) Moreover, Plaintiff references, in both her first amended complaint and her affidavit, that she exchanged various emails with the individually-named defendants and that these emails support her first amendment and equal protection claims. (Filing 25 at CM/ECF pp. 14, 18, 26, 33; Filing 57 at CM/ECF pp. 19, 21, 24.) Still, Plaintiff produced none of these emails in opposing Defendants' summary judgment motion. Defendants, on the other hand, have provided the court with numerous affidavits and hundreds of pages of accompanying documents which support their position that Plaintiff's termination was the result of performance issues and unrelated to Plaintiff's alleged speech. (Filing 47.)

Where the defense of qualified immunity turns on a defendant's motivation, when a plaintiff's affidavits "fail to rebut [defendant's] showing that [the actions taken] in good faith and on a reasonable basis," summary judgment must be granted on the issue of qualified immunity. *Howard v. Suskie*, 26 F.3d 84, 87 (8th Cir. 1994). *See also Wright v. South Ark. Regional Health Ctr., Inc.*, 800 F.2d 199, 203-04 (8th Cir. 1986) (applying defense of qualified immunity in a retaliation case, noting that the defendant's motivation is crucial to the very existence of plaintiff's claim and finding that there was no substantial evidence to support the conclusion that the defendant's motivation was unconstitutional). Plaintiff has produced no evidence which raises a genuine issue of fact or shows that there was any connection between

her alleged speech and her termination. Accordingly, the individually-named defendants are entitled to qualified immunity on Plaintiff's § 1983 First Amendment claim and Defendants' motion for summary judgment as to this claim will be granted.

### 2. § 1983 Equal Protection Claim

The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In order to succeed on an equal protection claim, a claimant must prove that he has been treated differently from other similarly situated individuals. *See Bogren v. Minnesota*, 236 F.3d 399, 408 (8th Cir.2000) ("[i]n general, the Equal Protection Clause requires that state actors treat similarly situated people alike"), *cert. denied*, 534 U.S. 816, 122 S.Ct. 44, 151 L.Ed.2d 16 (2001) (*citing Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir.1994), *cert. denied*, 513 U.S. 1185, 115 S.Ct. 1177, 130 L.Ed.2d 1130 (1995)). "[T]he first step in an equal protection case is determining whether the plaintiff has demonstrated that she was treated differently than others who were similarly situated to her." *Klinger*, 31 F.3d at 731. Absent a threshold showing that he is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim. *Id.*

If a plaintiff demonstrates that he or she has been treated differently from similarly situated individuals, the next step in the court's analysis is to employ the three-step analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973). Under the *McDonnell Douglas* test,[3] the plaintiff bears the initial

---

[3] The Eighth Circuit has applied the *McDonnell Douglas* analysis to a claim of employment discrimination brought under 42 U.S.C. § 1983 as a violation of the Fourteenth Amendment. *Richmond v. Board of Regents of Univ. of Minn.*. 957 F.2d 595 (8th Cir. 1992).

burden of establishing a prima facie case of discrimination.[4] Once a prima facie case is established, a rebuttable presumption shifts the burden to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the employer articulates such a reason, the presumption disappears and the plaintiff bears the burden of proving that the employer's proffered reason is merely a pretext for discrimination. *See Cronquist v. City of Minneapolic*, 237 F.3d 920, 924 (8th Cir. 2001).

Defendants concede that Plaintiff is a member of two protected groups, that is, she is female and Hispanic. Defendants dispute, however, that Plaintiff has demonstrated that she is similarly situated to other officers who were not terminated. The court initially notes that Plaintiff's first amended complaint is unclear as to who exactly Plaintiff is comparing herself. Plaintiff makes a number of allegations which can be construed as reporting incidents in which the individually-named defendants were not disciplined or terminated for violating the Department's procedures and policies. However, Plaintiff has not alleged, or produced any evidence, showing that she is similarly situated to these individuals. The only evidence before the court on this issue, which was presented by Defendants, reveals that these employees were not similarly situated to Plaintiff. (Filing 47.) These individuals were not probationary employees and were Plaintiff's supervisors, having significantly more years of employment in the Department than Plaintiff. (*Id.*)

---

[4] In order to make out a prima facie case, Plaintiff must demonstrate (1) that she is a member of a protected group; (2) that she was qualified to hold the position from which she was terminated; (3) that despite her qualifications she was terminated; and (4) that other similarly situated employees were not terminated. *See Johnson v. AT&T Corp.*, 422 F.3d 756, 761 (8th Cir. 2005).

12

In her first amended complaint, and again in her affidavit in opposition to Defendants' summary judgment motion, Plaintiff makes occasional statements to the effect that white, male officers were not disciplined for committing infractions similar to those she committed. (Filing 25; Filing 57.) However, she identifies no specific similarly situated officer who was not punished for such behavior and does not indicate how or why she is similarly situated to any such officer. (*Id.*) Plaintiff also fails to identify a specific instance in which a similarly situated individual was given preferential treatment or, importantly, how she is aware that any preferential treatment occurred.

Even if Plaintiff could demonstrate that she was treated differently from similarly situated individuals, her equal protection claim would nevertheless fail because, as discussed previously in this order, other than her own opinion, Plaintiff has failed to come forward with any evidence showing that her termination was the result of, or a pretext for, discrimination. Therefore, the individually-named defendants are entitled to qualified immunity on Plaintiff's § 1983 equal protection claim. As such, Defendants' motion for summary judgment as to this claim will be granted.

IT IS ORDERED:

1. Plaintiff's request for a continuance pursuant to Fed. R. Civ. P. 56(f) (filing 56) is denied;

2. Plaintiff's § 1983 due process claim is dismissed without prejudice pursuant to Plaintiff's request;

3. Plaintiff's § 1985 conspiracy claim is dismissed without prejudice pursuant to Plaintiff's request as to the individually-named defendants; and

13

4. Defendants' motion for summary judgment based on qualified immunity ([filing 46](#)) with respect to Plaintiff's § 1983 First Amendment claim and § 1983 Fourteenth Amendment equal protection claim is granted.

June 9, 2009.

BY THE COURT:  
s/*Richard G. Kopf*  
United States District Judge