IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STELLA M. OJEDA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3067 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTTSBLUFF, CITY OF, a political subdivision of the State of Nebraska, ALEX MORENO, Chief, sued in their individual and professional capacities, PHIL ECKERBERG, Sgt., sued in their individual and professional capacities, SHAWN MCFARLAND, Sgt., sued in their individual and professional capacities, PHIL MARTINDALE, Sgt., sued in their individual and official capacities, and KEVIN SPENCER, Capt., sued in their individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

This matter is before the court on Defendants' motion for sanctions (filing 63) and Defendant City of Scottsbluff's motion to strike (filing 80). For the reasons set forth below, the motions will be denied.

**I.    Background**

Plaintiff, Stella Ojeda, brought this employment action against the City of Scottsbluff, a political subdivision of the State of Nebraska (filing 25). Plaintiff also

named as Defendants, in their individual and professional capacities, Police Chief Alex Moreno, Sergeant Phil Eckerberg, Sergeant Shawn McFarland, retired Sergeant Phil Martindale and Captain Kevin Spencer, all with, or formally with, the Scottsbluff Police Department. (*Id.*) In her first amended complaint, Plaintiff asserted four causes of action, seeking relief under 42 U.S.C. § 1983, 42 U.S.C. § 1985 and Title VII of the Civil Rights Act of 1964, as amended. (*Id.*) Plaintiff's § 1983 claim was only asserted against the individually-named defendants (filing 40). Plaintiff's § 1985 claim was asserted against all Defendants. (*Id.*) Plaintiff asserted her Title VII claims solely against the City of Scottsbluff. (*Id.*)

On January 2, 2009, Defendants filed a motion for summary judgment arguing that Defendants Alex Moreno, Phil Eckerberg, Shawn McFarland, Phil Martindale and Kevin Spencer were entitled to qualified immunity (filing 46). The court subsequently issued a memorandum and order (filing 60) granting Defendants' motion. Particularly, the court found that Plaintiff had not come forward with evidence showing that Plaintiff was terminated for anything but performance-related issues or that her termination was a pretext for discrimination. (*Id*). As a result, the court dismissed each of the claims asserted against the individually-named defendants. Thus, the only remaining defendant in this action is the City of Scottsbluff.

At the time that Defendants filed their motion for summary judgment based on qualified immunity, no discovery had been conducted in the case. Therefore, in opposition to Defendants' motion for summary judgment, Plaintiff informally requested that she be given the benefit of the shelter provided by Fed. R. Civ. P. 56(f). Essentially, Rule 56(f) provides that if a party opposing a motion for summary judgment shows by affidavit that it cannot present facts essential to justify its opposition, the court may order a continuance to enable further discovery to be performed. Fed. R. Civ. P. 56(f). However, in order to request discovery under this rule, a party must file an affidavit describing: (1) what facts are sought and how they

2

are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful. *Availa v. CHN American LLC*, No. 4:04cv3384, 2009 WL 151600 (D. Neb. Jan. 2, 2009). The court denied Plaintiff's request for Rule 56(f) relief for several reasons (filing 60).

First, when requesting relief under Rule 56(f), Plaintiff did not file a formal motion. Instead, she merely requested relief in her opposing brief. *See Ballard v. Heineman*, 548 F.3d 1132, 1137 (8th Cir. 2008) (finding that the district court did not abuse its discretion in granting summary judgment without allowing further discovery when the plaintiff never filed a proper Rule 56(f) motion). Second, Plaintiff failed to submit an affidavit specifically addressing why her request should be granted. Third, the filings in the action demonstrated that Plaintiff had more than an adequate opportunity to conduct discovery for purposes of opposing the summary judgment motion. Defendants raised an immunity defense in their answer filed on September 30, 2008 (filing 39), and the defense was noted by Defendants in the parties' Rule 26(f) planning conference report filed on October 16, 2008 (filing 40). The deadline for motions to dismiss or for summary judgment based on qualified immunity was set for January 2, 2009 (filing 41). On January 2, 2009, Defendants moved for summary judgment (filing 46), and three days later, on January 5, 2009, Defendants filed a motion to stay discovery until after the court ruled on the summary judgment motion (filing 49). Plaintiff did not oppose the motion to stay and the court granted the requested relief (filing 51).

## II. Analysis

Rule 11 of the Federal Rules of Civil Procedure requires all parties who file pleadings, written motions or other papers in federal court to certify "that to the best of the person's knowledge . . . formed after an inquiry reasonable under the circumstances . . . the claims . . . are warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law," and that the "factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ." Fed. R. Civ. P. 11. Rule 11 sanctions may be imposed against not only an attorney, but a litigant who has signed an abusive pleading or motion. The primary purpose of Rule 11 sactions is to deter attorney and litigant misconduct. *Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994). The imposition of Rule 11 sanctions rests squarely within the sound discretion of the court. *MHC Investment Co. v. Racom Corp.,* 323 F.3d 620, 624 (8th Cir.2003).

Defendants argue that Rule 11santions are appropriate because, through the court's ruling on the motion for summary judgment, Plaintiff was essentially advised that Plaintiff's remaining claims against the City of Scottsbluff are not viable. Defendants contend that the court has determined that the City had a legitimate, non-discriminatory reason for terminating Plaintiff's employment and that Plaintiff cannot show that her alleged speech was a motivating factor in her termination. Defendants misconstrue the scope and meaning of the court's order.

The court's memorandum and order granting Defendants' motion for summary judgment was based solely on qualified immunity (filing 60). As stated in the court's order, in considering a defense of qualified immunity raised by a motion for summary judgment, the court is not obligated to assume that the facts alleged by the plaintiff in the complaint are true. See *Dunlap v. Hilgenkamp*, 82 F.Supp.2d 1052, 1056 (D. Neb. 2000). Rather, a plaintiff "bears the burden of going beyond the allegations in [her] pleadings and coming forward with evidence establishing a genuine dispute regarding" the defendant's actions. *Howard v. Suskie*, 26 F.3d 84, 87 (8th Cir. 1994). In opposition to Defendants' motion for summary judgment, Plaintiff presented little evidence to support her allegation that her termination was the result of discrimination. Rather, Plaintiff only submitted an unsubstantiated affidavit, which, after review, the court found insufficient to preclude summary judgment based on

4

qualified immunity. Discovery has not, however, completely closed in this case. Therefore, it cannot be said at this time that Plaintiff cannot obtain evidence that arguably supports her remaining claims against the City of Scottsbluff. In other words, there is presently little to suggest that Plaintiff's complaint is frivolous.[1] Accordingly, Defendants' motion for sanctions will be denied.

Defendant City of Scottsbluff has also moved for an order striking particular filings made by Plaintiff on account of Plaintiff's failure to comply with several local rules. Specifically, Defendant correctly points out that Plaintiff has failed to comply with NECivR 7.0.1(b)(2)(B) which requires that evidentiary materials be filed separately with an index of evidence and NECivR 11.1(a) regarding electronic signatures. Although Plaintiff has clearly failed to comply with several court rules, Defendant's motion to strike will be denied.

This court requires that parties and their lawyers pay close attention to and obey all court rules and procedures. Failure to comply with court rules can result in pleadings being stricken, as well as other sanctions. However, despite Plaintiff's failures to comply with the rules, the court will not strike Plaintiff's filings at this time, primarily because Plaintiff's evidence and filings asserted in opposition to Defendant's motion for sanctions had little influence on the court's decision today. Plaintiff's counsel is warned, however, that future failure to comply with court rules and procedures may result in filings being stricken, the abandonment of positions as outlined in NECivR 7.0.1 or other sanctions.

Accordingly,

IT IS ORDERED:

---

[1] It must be noted, however, that Defendant City of Scottsbluff is not precluded from filing a second motion for summary judgment with respect to the claims asserted against the City.

1. Defendants' motion for sanctions (filing 63) is denied; and

2. Defendant City of Scottsbluff's motion to strike (filing 80) is denied.

September 16, 2009.

BY THE COURT:
*Richard G. Kopf*
United States District Judge
